**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Alexander Tapia

## DEFENDANTS
Kraft Foods Global, Inc.

**(b)** County of Residence of First Listed Plaintiff: New Jersey
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert T Vance Jr, Suite 1530 Land Title Building, 100 South Broad Street, Philadelphia PA 19110   215 557 9550

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §1981
Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE JAN DUBOIS   DOCKET NUMBER 10-4063

DATE: September 7, 2011
SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert T Vance Jr

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Alexander Tapia                                          :         CIVIL ACTION
                                                         :
                         v.                              :
                                                         :
Kraft Foods Global, Inc.                                 :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.            ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                        ( X )

| September 7, 2011 | Robert T Vance Jr | _[signature]_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215 557 9550 | 215 557 9552 | rvance@vancelf.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __New Jersey__

Address of Defendant: __Horsham, Pennsylvania__

Place of Accident, Incident or Transaction: __Horsham, Pennsylvania__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No X

Does this case involve multidistrict litigation possibilities?    Yes☐  No X

RELATED CASE, IF ANY:
Case Number: __10-4063__   Judge __DUBOIS__   Date Terminated: __Pending__

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes X  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No x

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, __ROBERT T VANCE JR__, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: __9/7/2011__   _____Robert T Vance_____   __37692__
                        Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/7/2011__   _____Robert T Vance_____   __37692__
                        Attorney-at-Law                   Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____New Jersey_____

Address of Defendant: _____Horsham, Pennsylvania_____

Place of Accident, Incident or Transaction: _____Horsham, Pennsylvania_____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No X

Does this case involve multidistrict litigation possibilities?     Yes☐  No X
RELATED CASE, IF ANY:
Case Number: _____10-4063_____     Judge _____DUBOIS_____     Date Terminated: _Pending_

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes X  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No x

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____ROBERT T VANCE JR_____, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: _9/7/2011_    _____Robert T Vance_____    _37692_
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/7/2011_    _____Robert T Vance_____    _37692_
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alexander Tapia | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| Kraft Foods Global, Inc. | : | Jury Trial Demanded |

## COMPLAINT

Plaintiff, Alexander Tapia, by and through his undersigned attorney, hereby brings a series of claims against Defendant, Kraft Foods Global, Inc. ("Kraft"), of which the following is a statement:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991) to redress and enjoin the discriminatory practices of Kraft. This Court may exercise jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1687.

2. Venue is proper in the Eastern District of Pennsylvania by reason of 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial number of the acts and omissions that give rise to this Complaint occurred in this district.

3. Kraft employs facially neutral policies that allow its managers discretion to act and that have resulted in discriminatory actions against its Hispanic and African-American employees; it employs a Human Resources process that gives lip service to investigating discrimination complaints but does not provide fair investigation of discrimination claims; and it otherwise allows management to take discriminatory actions against Hispanic and African-

American employees. In addition, Kraft retaliates against Hispanic and African-American employees who complain about illegal race discrimination, and fails to take adequate and/or timely corrective action in response to complaints of race discrimination.

## PARTIES

4. Plaintiff Alexander Tapia is a Hispanic resident of New Jersey. He began working for Kraft in 2007 and was employed until March 15, 2011, when he was discharged because of his race. He was last employed by Kraft as a Sales Representative.

5. Defendant Kraft Foods Global, Inc., is the leading food company in the United States with a principal place of business located in this judicial district at 201 Precision Drive, Horsham, Pennsylvania. The acts set forth in this Complaint were authorized, ordered, condoned and/or done by Kraft's officers, agents, employees and/or representatives while actively engaged in the management of Kraft's business.

6. From almost the inception of his career with Kraft, Tapia was discriminated against because of his race. For example, Tapia managed his sales territory for almost one (1) year until he was promoted to Sales Representative. In contrast, similarly situated non-Hispanic employees did not have to wait that period of time before being promoted to Sales Representative.

7. Despite exemplary performance, Tapia experienced a racially hostile work environment at Kraft. Nevertheless, Tapia continued to work hard in the hope that he could overcome the disparate treatment he received as a Hispanic Kraft employee.

8. In December 2009, Tapia had a dispute with Claudia McLaughlin, Kraft's Market Trainer, regarding the manner in which she treated and interacted with him as compared to her treatment of and interactions with White Sales Representatives. As A result of that dispute,

Tapia met with Daniel McTaggart, then Kraft's Vice-President, and Lori Clayberger, Kraft's Retail Sales Manager and Tapia's immediate supervisor.

9. On December 18, 2009, Tapia was placed on Corrective Action, allegedly due to store conditions, lack of communication with key decision makers in stores, and failure to execute ROTC. This discipline was unjustified, unwarranted, discriminatory and retaliatory.

10. On March 25, 2010, Tapia was placed on Final Written Warning, allegedly for lack of communication and inadequate execution of mandated displays. This discipline was unjustified, unwarranted, discriminatory and retaliatory.

11. Under Kraft's Progressive Discipline Policy, Final Written Warnings are removed from an employee's disciplinary record if for a period of one (1) year thereafter, the employee satisfactorily performs his duties.

12. For 2010, Tapia received a MAP rating of Partially Meets Expectations. This rating was unjustified, unwarranted, discriminatory and retaliatory.

13. On January 13, 2011, Tapia was placed on a Performance Improvement Plan ("PIP"). This action was unjustified, unwarranted, discriminatory and retaliatory.

14. Subsequent to being placed on the PIP, McTaggart took actions and directed others to take actions to ensure that Tapia would receive further performance-related discipline before March 25, 2011, when the Final Written Warning would be removed from his disciplinary record.

15. On March 15, 2011, in furtherance of McTaggart's discriminatory and retaliatory plan to ensure that Tapia would be terminated, Kraft terminated Tapia's employment, allegedly for misuse of the company-issued GPS phone and other alleged performance deficiencies during the period February 5, 2011 through March 11, 2011.

16. Consistent with its practice and custom of discriminating against Black and Hispanic Sales Representatives, defendant failed to offer Tapia any alternative to termination, such as a demotion, which was commonly offered to White Sales Representatives who were on the verge of termination because of performance-related issues.

17. Tapia's termination was unjustified, unwarranted, discriminatory and retaliatory.

18. The acts alleged above constitute violations of 42 U.S.C. § 1981.

19. By reason of Kraft's discrimination, Tapia has suffered extreme harm, including loss of compensation, wages, back and front pay, bonuses, and other employment benefits, as well as other compensatory damages, including mental anguish, embarrassment, humiliation and pain and suffering.

20. Kraft has acted, and failed to act, with reckless disregard for Tapia's federally protected rights.

## *Count I*

### The Civil Rights Act of 1866, 42 U.S.C. § 1981

21. Plaintiff restates and realleges paragraphs 1- 20, inclusive, as though set forth here in full.

22. Kraft discriminated against, harassed and retaliated against the Plaintiff by denying him the same rights as enjoyed by White employees with respect to the terms and conditions of his employment relationship with Kraft and to the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

23. Kraft's conduct has been intentional, deliberate, willful and conducted in callous disregard of the rights of the Plaintiff.

24. By reason of Kraft's discrimination, in addition to the relief described above, Plaintiff is entitled to all legal and equitable remedies available under Section 1981, including but not limited to damages for mental anguish and punitive damages.

## *Count II*

### The New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 et seq.

25. Plaintiff restates and realleges paragraphs 1- 20, inclusive, of this Complaint, as if set forth in full.

26. Kraft is an employer within the meaning of the New Jersey Law Against Discrimination ("LAD").

27. Kraft's actions described above were severe and/or pervasive enough to make a reasonable Hispanic male in Plaintiff's position believe that the conditions of his employment were intolerable, hostile and abusive.

28. Kraft failed to remedy its managers' racially hostile, discriminatory and retaliatory actions.

29. Kraft's conduct as described above warrants an award of punitive damages.

30. The acts and omissions described above violated the LAD's prohibition against discrimination, harassment and retaliation as set forth in N.J.S.A. 10:5-12 et seq.

31. By reason of Kraft's violation of the LAD, Plaintiff is entitled to all damages available under the LAD.

### *Count III*

### Intentional Infliction of Emotional Distress

32. Plaintiff incorporates herein by reference as if set forth in full the allegations of paragraphs 1-31, inclusive, above.

33. By engaging in the hostile and offensive conduct described above, Defendant, its managers and agents intentionally inflicted severe emotional distress upon Tapia.

34. Such hostile and offensive conduct was calculated to produce and did produce severe emotional and physical distress in Tapia, including but not limited to chronic anxiety, severe emotional distress, poor appetite, impaired sleep, irritability, humiliation, mental pain and anguish.

35. The extreme, demeaning, hostile and offensive conduct including retaliatory actions which were inflicted upon Tapia are not to be expected or tolerated in a civilized work environment.

36. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Tapia has suffered personal hardships including economic loss, anxiety, poor appetite, impaired sleep, irritability, humiliation, mental pain and anguish, reduced past and future earnings and benefits capacity, damages to personal and professional reputation, job displacement and uncertainty and such other and further losses as will be established at trial.

### JURY DEMAND

37. Plaintiff hereby demands a trial by jury as to all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexander Tapia, respectfully prays that the Court:

a. adjudge, decree and declare that Kraft has engaged in illegal race discrimination and that the practices of Kraft complained of herein are violative of the rights secured to the Plaintiff;

b. order Kraft to effect any job relief determined to be appropriate, including reinstatement;

c. enter judgment in favor of the Plaintiff and against Kraft for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, and past and future mental anguish and pain and suffering in amounts to be determined at trial;

d. order Kraft to pay punitive damages to the Plaintiff in an amount to be determined at trial;

e. order Kraft to pay the attorneys' fees, costs and expenses and expert witness fees of the Plaintiff associated with this action pursuant to 42 U.S.C. § 1988;

f. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

g. retain jurisdiction until such time as the Court is satisfied that Kraft has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

_____
Robert T. Vance, Jr. (RTV3988)
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1530
Philadelphia PA 19110
215 557 9550
215 557 9552 f
rvance@vancelf.com

*Attorney for Alexander Tapia*

Page | 7