IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDER TAPIA,**<br>           **Plaintiff,**<br><br>           v.<br><br>**KRAFT FOODS GLOBAL, INC.,**<br>           **Defendant.** | **CIVIL ACTION**<br><br>**NO.   11-5619** |

## O R D E R

**AND NOW**, this 22nd day of August, 2014, upon consideration of Defendant's Motion for Summary Judgment (Document No. 32, filed April 5, 2013), Plaintiff's Answer to Defendant's Motion for Summary Judgment (Document No. 35, filed May 24, 2013), and Reply Memorandum in Support of Defendant Kraft Foods Global, Inc.'s Motion for Summary Judgment Against Plaintiff Alexander Tapia (Document No. 39, filed September 19, 2013), **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Document No. 32) is **GRANTED IN PART AND DENIED IN PART**, as follows:

    1.    That part of Defendant's Motion for Summary Judgment (Document No. 32) seeking dismissal of plaintiff's discriminatory termination claim is **GRANTED.**

    2.    That part of Defendant's Motion for Summary Judgment (Document No. 32) seeking dismissal of plaintiff's retaliation claim is **GRANTED.**

    3.    Defendant's Motion for Summary Judgment (Document No. 32) is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the Court will schedule, in due course, a telephone conference, with counsel, for the purpose of scheduling further proceedings in this case and the related cases,[1] including the feasibility of conducting a bellwether trial.

The decision of the Court is based on the following:

This is an employment discrimination case in which plaintiff, Alexander Tapia, alleges that defendant, Kraft Foods Global, Inc., failed to promote him and terminated his employment on the basis of his race and in retaliation for his making a complaint about workplace discrimination.  Before the Court is defendant's Motion for Summary Judgment.

In considering motions for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor."  *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  A court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law" and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

---

[1] The related cases are case numbers: 10-cv-4063, 11-cv-5618, and 11-cv-5620.

In this case, plaintiff alleges discriminatory termination, retaliation, and failure-to-promote claims under 42 U.S.C. § 1981 and under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.[2]  The claims will be addressed in turn.

**Discriminatory Termination**

Plaintiff's discriminatory termination claim is analyzed under the burden-shifting analysis originally set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under that framework, plaintiff bears the burden of establishing a prima facie case of discrimination.  *See McDonnell Douglas*, 411 U.S. at 802.  If plaintiff establishes a prima facie case, the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for the adverse employment action.  *See Id.*  This burden is one of production, not persuasion.  *Smith v. City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009).  If defendant offers a legitimate nondiscriminatory reason, in order to survive summary judgment, plaintiff must submit evidence "to demonstrate that the employer's proffered rationale was a pretext for [ ] discrimination."  *Id.*  To establish that defendant's rationale was a pretext for discrimination, plaintiff must adduce evidence from which a reasonable fact finder could either: "(1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).  Notwithstanding this burden-shifting framework, plaintiff always bears the ultimate burden of persuading the trier of fact that defendant

---

[2] Because both the state and federal claims utilize the same legal standard set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973), the claims will be analyzed together.  *See Hart v. Twp. Of Hillside*, 228 Fed. Appx. 159, 163 (3d. Cir. 2007) ("In the employment-discrimination context, New Jersey courts typically look to federal law and employ the burden-shifting framework set forth in *McDonnel Douglas*.").

intentionally discriminated against plaintiff.  *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 799 n. 10 (3d Cir. 2003).

In this case, assuming *arguendo* that plaintiff has adduced sufficient evidence to raise a genuine dispute of material fact as to his prima facie case, the Court concludes that no reasonable fact finder could find that defendant's proffered non-discriminatory reason for firing plaintiff was pretext for discrimination.  Defendant's proffered non-discriminatory reason for firing plaintiff was plaintiff's misuse of his employer-issued GPS phone in order to be paid for hours that he did not work.  For instance, defendant has provided records demonstrating that plaintiff manually entered information stating that he was finishing a store visit in Philadelphia, Pennsylvania at a time when plaintiff's GPS phone recorded him as being at or near his home in New Jersey.  Aff. of Gerard Criscuolo ¶ 17, Ex. A.  It is undisputed that these irregularities were discovered by one of defendant's employees — Gerard Criscuolo — during an audit of the entire sales teams' GPS data.  Def.'s Statement of Material Facts (SOMF) ¶ 32.  Mr. Criscuolo has not met plaintiff, and did not know the race of any of the employees whose GPS phones he was auditing.[3]  *Id.* ¶ 44.

Plaintiff responds to the allegations of GPS misuse by arguing that GPS reception was "spotty" and "did not function in my home."  Decl. of Alexander Tapia ¶ 9.  He states that he would manually "make the necessary adjustments" to correct mistaken GPS data and that "on

---

[3] Plaintiff responds to this fact by writing "Denied" on his statement of material facts.  Pl.'s Statement of Material Facts ¶ 44.  Plaintiff, however, cites no evidence whatsoever to support his denial.  Plaintiff cannot rely upon "'unsupported assertions, conclusory allegations, or mere suspicions'" on a motion for summary judgment.  *Oliver v. Clinical Practices of Univ. of Pennsylvania*, 921 F. Supp. 2d 434, 443 (E.D. Pa. 2013) (citing *Schaar v. Lehigh Valley Health Servs., Inc.,* 732 F.Supp.2d 490, 493 (E.D. Pa. 2010).

occasion I would have to estimate my arrival and departure times, but at no time did I steal hours from Kraft." *Id.*

The Court concludes that no reasonable fact finder could "disbelieve the employer's articulated legitimate reasons" for plaintiff's firing. *Fuentes*, 32 F.3d at 764 (3d Cir. 1994). Plaintiff's explanation — that he manually changed his information data because the GPS reception was "spotty" and "did not function" in his home — wholly fails to explain or cast doubt upon defendant's evidence of instances where the GPS *was* functioning and positively identified plaintiff as being at home when plaintiff stated he was at work.

The Court also concludes that no reasonable fact finder could "believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes*, 32 F.3d at 764 (3d Cir. 1994). On this point, plaintiff cites several pieces of evidence, none of which are sufficient to raise a genuine dispute of material fact for trial. First, plaintiff points to various comments, such as Daniel McTaggart's telling a White female employee in 2007 that a Black employee would "show [her] how to dance." Harris Dep. 32, 86. Plaintiff also cites a single incident around the year 2000 — approximately eleven years prior to plaintiff's termination — where a depiction of the lynching of the Keebler Elf appeared in a slide show presentation. Next, plaintiff cites the fact that his supervisor was "not concerned about the fact that 11 of 13 non-White sales representatives from [plaintiff's] Office were either terminated or discharged by [the supervisor's] subordinate managers." Pl.'s Br. 11. Finally, plaintiff states that Gary Schmidt, Kraft's Senior Human Resources Director for the Philadelphia region, gave managers "carte blanche to impose discipline on their subordinates." Pl.'s Br. 10. In support of this contention plaintiff relies on deposition testimony in which Schmidt states that although he reviews the merits of every disciplinary action, he does not specifically monitor his

5

subordinates to check whether they are "just disciplining . . . blacks and not whites." Schmidt Dep. 33-34.

The comments by plaintiff's superiors on which plaintiff relies occurred over the span of a decade, were not directed at plaintiff, and the last such comment occurred years prior to plaintiff's termination. Further, plaintiff's evidence regarding McTaggart and Schmidt's disciplinary practices raises the possibility that discriminatory decisions might have been made, but provides insufficient evidence that they actually were made. Given defendant's compelling non-discriminatory reason for firing plaintiff, and plaintiff's limited evidence to the contrary, the Court concludes that no rational factfinder could find that it is more likely than not that defendant fired plaintiff on the basis of his race rather than for plaintiff's manipulation of his GPS data. Accordingly, the Court grants defendant's Motion for Summary Judgment on this claim.

**Retaliation**

To establish a prima-facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity, (2) the employer took an adverse action against him after or contemporaneous with the protected activity, and (3) there is a causal link between the activity and the adverse action. *See Abramson v. William Paterson Coll. of New Jersey*, 260 F.3d 265, 288 (3d Cir. 2001). As with a discrimination claim, after plaintiff establishes his prima facie case, the burden shifts to defendant to proffer a legitimate non-retaliatory reason for the adverse employment action. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 (3d Cir. 2010). If defendant does so, the burden shifts back to plaintiff to show that defendant's proffered reason is pretext. *Id.*

Plaintiff states in his declaration that he complained about racial discrimination on December 18, 2009. Tapia Decl. ¶ 4. Thereafter, plaintiff received a Corrective Action Memo on December 19, 2009, and a Final Warning in March 2010. *Id.* ¶¶ 4-5. Those two actions, however, were not adverse employment actions. Adverse employment actions, in a retaliation claim, are those actions which "a reasonable employee would have found . . . materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). Plaintiff has offered no evidence that the Corrective Action Memo or Final Warning would have dissuaded a reasonable worker from making a charge of discrimination.

The only adverse actions in this case occurred later, when plaintiff received a "partially meets expectations" performance rating on January 13, 2011,[4] and when plaintiff was terminated on March 15, 2011.

As with defendant's discrimination claim, the Court concludes that plaintiff has failed to raise a genuine dispute of material fact that defendant's proffered reason for firing him — his misuse of his GPS phone — was pretext for retaliation. Plaintiff's evidence of retaliation is that McTaggart singled him out for greater scrutiny as to plaintiff's stocking of shelves. *See, e.g.*, Tapia Decl. ¶¶ 5, 16. Plaintiff presents no evidence, however, that defendant's evidence of plaintiff's improper GPS usage — for which he was given the poor performance rating and ultimately fired — was retaliatory. In fact, defendant has adduced evidence that the GPS issues

---

[4] Poor performance ratings are generally not adverse employment actions unless they have a tangible effect on plaintiff's employment. *See, e.g.*, *Hay v. GMAC Mortg. Corp.,* No. 01–1030, 2003 WL 22133801, at *6 (E.D. Pa. Sept.15, 2003) ("Even a poor performance rating does not give rise to an adverse employment action unless it has a tangible effect on recipient's employment."). In this case, there is evidence that plaintiff's poor performance rating affected his pay and rendered him not promotable. *See* McTaggart Dep., Sept. 13, 2012, at 142-146.

7

were raised not by McTaggart, but by another one of defendant's employees — Gerard Criscuolo — during an audit of the entire sales teams' GPS data. Def.'s Statement of Material Facts ¶ 32. Mr. Criscuolo never met plaintiff, and did not know plaintiff's race or the race of any of the employees whose GPS phones he was auditing.[5] *Id.* ¶ 44. Further, there is no evidence that Mr. Criscuolo knew of plaintiff's complaint of racial discrimination. Finally, defendant has presented evidence that a White employee with a similar record of misuse of his GPS phone, but with an outstanding performance rating, was also fired for that offense. McTaggart Dep., 241:7.

The Court concludes that no reasonable juror could conclude that defendant's proffered reason for giving plaintiff a poor performance rating and terminating plaintiff's employment was pretext for retaliation. Accordingly, the Court grants defendant's Motion for Summary Judgment on this claim.

**Failure-to-Promote**

Plaintiff's failure-to-promote claim is also analyzed under the burden-shifting analysis as set forth *supra*, set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In this case, the job for which plaintiff argues he was not promoted is the Market Trainer position. Defendant's proffered non-discriminatory reason for not promoting plaintiff to that position is that plaintiff was too inexperienced as a sales representative to be considered for the Market Trainer position. Def.'s Reply 6. Defendant argues that plaintiff has failed to demonstrate that this rationale was a pretext for discrimination. The Court rejects this argument.

---

[5] Plaintiff responds to this fact by writing "Denied" on his statement of material facts. Pl.'s Statement of Material Facts ¶ 44. Plaintiff, however, cites no evidence whatsoever to support his denial. Plaintiff cannot rely upon "'unsupported assertions, conclusory allegations, or mere suspicions'" on a motion for summary judgment. *Oliver v. Clinical Practices of Univ. of Pennsylvania*, 921 F. Supp. 2d 434, 443 (E.D. Pa. 2013) (citing *Schaar v. Lehigh Valley Health Servs., Inc.,* 732 F.Supp.2d 490, 493 (E.D. Pa. 2010).

Plaintiff has adduced evidence that his supervisor — Daniel McTaggart — has never recommended a Black or Latino sales representative for a promotion into management and that approximately 11 of 13 non-White sales representatives from plaintiff's office were either terminated or voluntarily left the company while under discipline.  McTaggart Dep., Sept. 13, 2012, at 58, 205.  Further, plaintiff has adduced evidence that the Market Trainer position was not posted, *id.* at 129, and that McTaggart did not consider plaintiff for the position because he deemed him to be too inexperienced, *id.* at 58-60.  The Court concludes that this evidence, in addition to plaintiff's evidence of the incidents discussed previously, taken in the light most favorable to plaintiff, is sufficient for a reasonable jury to find that defendant's proffered rationale was a pretext for discrimination.  Accordingly, the Court denies defendant's Motion for Summary Judgment on this claim.

                                                **BY THE COURT:**

                                                /s/ Hon. Jan E. DuBois
                                                  **DuBOIS, JAN E., J.**